LEMMON, Judge,
concurring.
The principal demand by the lessor’s sub-rogated insurers was based on the lessee’s alleged negligence. The lessee did not defend on the basis of the implied intention of the contracting parties that the lessor (and his subrogated insurers) would be precluded from recovering from the lessee for loss by fire.[1] Rather, the lessee filed a third party demand against the lessor based essentially *1296 on the lessor’s breach of an alleged obligation to provide protection to the lessee for the lessee’s negligent causation of fire damage.
Thus, the basic issue as to the third party demand is whether the lessor was obliged to obtain this protection for the lessee. The trial judge found nothing in the contract or in the surrounding circumstances which would impose such an obligation on the lessor, and I agree.
The questionable theory (that the parties impliedly intended to relieve each other of liability) is applicable to the unasserted defense to the principal demand and cannot logically be extended to impose on the lessor an obligation to buy insurance protection for the lessee for the consequences of its own negligence or to require the lessor to include a waiver of subrogation in the fire insurance purchased in accordance with the lease contract.
As to the contention that the terms of the lease contract impliedly required the lessor to furnish this protection, C.C. art. 2315 imposes a tort obligation to repair any damage one causes to another, and a party wishing to exempt himself by contract from these legal consequences must do so in express and unambiguous terms. A simple contractual requirement that the lessor purchase fire insurance neither (1) determines that the lessor has relieved the lessee of liability for negligent causation of fire damage nor (2) imposes on the lessor an obligation to protect the lessee from the legal consequences of this negligence.[2] Such an intention by the lessor must be clearly stipulated in the contract, and it is the lessee who must exact a specific contractual exemption from liability for its own negligence or a specific provision that the lessor furnish this protection through insurance.

. The rationale of the cases cited by the lessee is that the contracting parties, by providing in the lease contract that the lessor was to provide fire insurance, impliedly agreed to look to the insurance alone for recovery in the event of loss by fire, thereby effectively relieving each other from any liability for such a loss. Such a theory would preclude the lessor (and the lessor’s subrogees) from recovery based on the lessee’s negligence, because the lease contract itself would actually protect the lessee from being sued by the lessor.

. The apparent purposes of the quoted provisions are to stipulate responsibility for payment of insurance premiums and to require insurance and use of insurance proceeds for repair and restoration in the event of fire.